**James C. WHITTINGTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39674.**

Court of Criminal Appeals of Texas.

June 1, 1966.

Rehearing Denied Oct. 12, 1966.

No attorney of record on appeal.

Dee D. Miller, Dist. Atty., John W. Broadfoot, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Commissioner.

This is a conviction for robbery, with the punishment assessed at seven years.

On a former day of the term, in our Cause No. 39,429, 400 S.W.2d 336, the appeal from such conviction was dismissed for want of a notice of appeal.

Notice of appeal was entered showing that it was given on June 29, 1965, and the transcript showing such notice of appeal was filed in this Court as our Cause No. 39,674.

Donald Franklin Bramblet testified that he was the manager of a liquor store and had the possession of it and the merchandise and money therein on January 23, 1965. While testifying, Bramblet identified the appellant as the person who entered the store about 7:45 p.m., January 23, 1965, went to the cash register where the employees Bowling and Moore were standing, and ordered Bowling to put the money in a sack and that no one would get hurt. When Bowling did not immediately respond, the appellant pointed a .45 caliber automatic toward him and again ordered him to put the money in the sack, which he did. At this time the appellant, looking toward Bramblet and employee Kovalt said to Bramblet, "This goes for you, too." Bramblet took the money from the register and put it in a sack. Next, the appellant ordered them to take the money from their wallets and place it on the counter which they did. Then the appellant took the money from the counter and placed the pistol in his belt, took a bottle of cognac from the shelf, and when at the front door, told them to go to the rear room, not to look back and no one would get hurt and he left the store. In a brief time the officers were notified. Bramblet testified that the appellant took, without his consent, more than five hundred dollars from the cash registers and forty-one dollars of his personal money, and that

at such time the appellant placed him in fear of his life and bodily injury.

While testifying, the three employees and a customer identified the appellant as the person who entered the store about 7:45 p.m., January 23, 1965, and after exhibiting a .45 caliber automatic took the money from the cash registers and the wallets of the manager and the employees. Their testimony is substantially the same as that of the manager Bramblet. The wife of the store's customer, who was sitting in an automobile in front of the store, identified the appellant as the man who entered and left the store while her husband was in the store; and that the appellant appeared startled when he saw her in the car as he was leaving the store.

While testifying in his own behalf the appellant denied committing the robbery alleged. He testified that he left Amarillo about January 19, that he was in Mississippi on January 23, on his way to Florida, where he stayed until January 27, when he went to California and was arrested there on February 18. The appellant called several witnesses whose testimony corroborated that given by him. He also introduced several credit card receipts showing the purchase of gasoline by him in Mississippi and Florida on January 23 and 24, 1965. On cross-examination, the appellant admitted having a .45 caliber automatic in his possession when he was arrested in California.

The court charged on appellant's alibi as raised by the testimony in submitting the case to the jury.

The statement of facts is in narrative form.

There are no formal bills of exceptions. No objections were made to the court's charge and no requested charges were presented.

The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.